## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELIZABETH PATTERSON,**

*Plaintiff,*

v.

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**

*Defendant.*

Case No.: 8:25-cv-2228

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **ELIZABETH PATTERSON** ("**Ms. Patterson**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **EXPERIAN INFORMATION SOLUTIONS, INC**. ("**Experian**" or "**Defendant**"), stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Ms. Patterson against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3.      The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant within Polk County, which is in the Middle District of Florida.

## PARTIES

5.      Ms. Patterson is a natural person and at all times relevant resided in the city of Lakeland, Polk County, Florida.

6.      Ms. Patterson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.      Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.      Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.      Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

10.     On or around September 2023, Ms. Patterson obtained a Credit One American Express Credit Card.

11.     Around May 2024, Ms. Patterson allegedly became delinquent on the account (the "Debt" or "alleged Debt").

12.     Sometime in November 2024, Credit One sold the Debt to Resurgent/LVNV Funding, LLC ("LVNV").

13.     Shortly thereafter, LVNV began reporting the Debt, monthly, to Experian.

14.     LVNV reported to Experian that Ms. Patterson owed $1,622 and the original creditor as "CREDIT ONE AMERICAN EXPRESS."

### Duplicate Tradelines

15.     Despite transferring the Debt for collection to LVNV, Credit One continued to simultaneously report the Debt to Experian, creating duplicate tradelines on Ms. Patterson's Experian report.

16.     As both iterations of the Debt tradeline were derogatory, the duplication of the negative data had a catastrophically negative effect on Ms. Patterson's credit reports and scores, since almost all consumer credit scores, including FICO® and Vantage®, heavily consider the *number* of derogatory tradelines, such as collection accounts and charged-off accounts.

17.    Additionally, anyone viewing Ms. Patterson's credit report would falsely conclude that she owed two different debts to two different creditors, totaling $3,244 instead of a singular debt of $1,622.

18.    On information and belief, Experian's automated systems do not flag accounts as duplicate when reported from different furnishers.

19.    Experian's automated system incorporated the data on both tradelines into Ms. Patterson's file and sold it in reports produced about her.

## Experian's Failure to Use Reasonable Procedures

20.    On or about April 7, 2025, Experian sold a consumer report regarding Ms. Patterson to 700 Credit, for use by Camping World, in conjunction with an application for financing.

21.    The consumer report sold by Experian included the duplicate tradelines and was therefore inaccurate.

22.    Due at least in part to Experian's conduct, Ms. Patterson was unable to move forward with financing.

23.    Experian's conduct has also caused Ms. Patterson severe emotional distress, embarrassment, and damage to her reputation.

## Experian Fails to Disclose Source of Information to Plaintiff

24.    On August 21, 2025, Plaintiff requested and obtained a copy of her Experian consumer disclosure.

25.    Experian's disclosure to Ms. Patterson included the following:

| Current or former employer(s) | Address |
|---|---|
| 15201071820231218510MAXDECISIO | NSINCFRITX 6337195185767144136400003O9LOCB000000000 00 0000000 |

26.    Clearly, Ms. Patterson is not employed by a company operating with the name " 15201071820231218510MAXDECISIO."

27.    Experian also listed the undersigned law firm's address as Ms. Patterson's address, as follows:

| Address | Address iden-tification number | Residence type | Geographical code |
|---|---|---|---|
| 2124 W KENNEDY BLVD STEA TAMPA FL 33606-1545 | 0230301628 | Multifamily | |

28.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Patterson's request, Experian was required to "clearly and accurately" disclose *all* information in Ms. Patterson's file at the time of her request, as well as the *sources of information relied upon*.

29.    A request for a consumer disclosure inherently includes a request for the sources of information relied upon. *Brauer v. ExamOne World Wide Inc.*, No. 222CV07760MEMFJC, 2023 WL 4695899 (C.D. Cal. July 19, 2023) (stating "… these sources clearly fall within the plain language definition of "file," and should have been provided to Brauer when he requested his file.)

30.    Despite this, Experian failed to inform Ms. Patterson of the source of the employment and address information in her file.

31.    Without this information, Ms. Patterson has no ability to identify who is reporting false information about her.

32.     As a CRA, Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *Id.*

33.     Experian specifically chose which information to disclose in its consumer report, and therefore acted willfully in preparing a deficient report.

34.     In the alternative, Experian has acted with gross recklessness and a complete disregard for the rights of consumers to have accurate and complete reports generated about them and to receive such reports.

35.     Ms. Patterson has spent significant time and money to force the Defendant to comply with its statutory obligations and to engage attorneys.

36.     Ms. Patterson has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## <u>EXPERIAN'S WILLFUL VIOLATIONS OF THE</u>
## <u>FCRA, 15 U.S.C. § 1681e(b)</u>

37.     Ms. Patterson adopts and incorporates paragraphs 1 – 36 as if fully stated herein.

38.     Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Patterson when it sold at least one report containing both the Credit One and LVNV tradelines, both reporting a balance, when the tradelines represented the same underlying account.

39.    Experian has been sued on numerous occasions for reporting duplicate tradelines and is aware that its systems for ensuring accuracy are flawed and do not flag such information when reported to it by different furnishers of data.

40.    Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

**WHEREFORE**, Ms. Patterson respectfully requests this Honorable Court enter judgment against Experian for:

a.    The greater of statutory damages of **$1,000** per incident or Ms. Patterson's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)
**(Pled in the Alternative to Count I)**

41.    Ms. Patterson adopts and incorporates paragraphs 1 – 36 as if fully stated herein and strictly pled in the alternative to Count I.

42.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer report sold regarding Ms. Patterson when it sold at least one report containing both the Credit

One and LVNV tradelines, both reporting a balance, when the tradelines represented the same underlying account.

43.    Experian owed Ms. Patterson a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Ms. Patterson.

44.    Experian breached this duty when it sold consumer reports containing a duplicate tradeline regarding a credit card issued by Credit One with a charged-off balance.

45.    Experian thus acted negligently, and accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Patterson's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Patterson respectfully requests this Honorable Court enter judgment against Experian for:

a.    Ms. Patterson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(2)

46.    Ms. Patterson adopts and incorporates paragraphs 1 - 36 as if fully stated herein.

47.    Experian violated **15 U.S.C. § 1681g(a)(2)** when responding to Ms. Patterson's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Patterson the sources of information relied upon concerning information in her credit file.

48.    Experian did not clearly disclose (and in some instances, did not disclose at all) the sources of the aforementioned false information contained in Ms. Patterson's credit file.

49.    Experian knowingly failed to disclose all sources of the information despite having such knowledge.

50.    Experian knows, through complaints from other consumers, that it does not provide the sources of information as required by the FCRA, yet has declined to correct such omissions on its reports.

51.    Experian is thus liable to Ms. Patterson, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Patterson's actual damages and statutory damages of up to $1,000.00 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Patterson respectfully requests this Honorable Court enter judgment in her favor, and against Experian, for:

a.    The greater of Ms. Patterson's actual damages or statutory damages of **$1,000.00** per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative;

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CALRITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

### (Pled in the Alternative to Count III)

52.    Ms. Patterson reincorporates paragraphs 1 - 36 as if fully stated herein.

53.    Experian owed Ms. Patterson a legal duty to disclose the sources of information in her credit file upon request.

54.    Experian breached this duty when it did not clearly disclose (and in some instances, did not disclose at all) the sources of the aforementioned false information contained in Ms. Patterson's credit file in response to her August 21, 2025 request.

55.    Experian's breach violated 15 U.S.C. § 1681g(a)(2), and as such, Ms. Patterson is entitled to her actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

**WHEREFORE,** Ms. Patterson respectfully requests this Honorable Court enter judgment in her favor, and against Experian, for:

a.    Ms. Patterson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Ms. Patterson hereby demands a trial by jury on all issues so triable.


Respectfully submitted on **August 21, 2025**, by:

                              **SERAPH LEGAL, P.A.**

                              <u>/s/ *Bryan J. Geiger*  </u>
                              Bryan J. Geiger, Esq.
                              Florida Bar Number: 119168
                              2124 W. Kennedy Blvd., Suite A
                              Tampa, FL 33606
                              Tel: 813-567-1230 (Ext: 303)
                              Fax: 855-500-0705
                              BGeiger@seraphlegal.com
                              ASamper@seraphlegal.com
                              Service@seraphlegal.com
                              *Counsel for Plaintiff*